**NELSON MULLINS RILEY & SCARBOROUGH LLP**
Ian G. Schuler (SBN 275052)
750 B Street, Suite 2200
San Diego, CA 92101
Tel 619-489-6110
Fax 619-821-2834
ian.schuler@nelsonmullins.com

Attorneys for Defendant
KIDS 2, INC. f/k/a KIDSII, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| TIFFANY WHITE, individually in her own right, and as Personal Representative of the Estate of CHRISHELL ROBY, Deceased,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>KIDS 2, INC. f/k/a KIDSII, INC.,<br><br>　　　　　　　　Defendant. | Case No.<br><br>**(Removed from Los Angeles Superior Court Case No. 21STCV46532)**<br><br>**KIDS 2, INC.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION UNDER 28 U.S.C. §§ 1332 AND 1441**<br><br>Trial Date:<br>Action Filed:　December 22, 2021 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant Kids 2, Inc. f/k/a Kids II, Inc. ("Kids 2"), by and through its counsel Nelson Mullins Riley & Scarborough LLP, hereby removes this action to this Court under 28 U.S.C. §§ 1332, 1441, and 1446, based on diversity of citizenship, the claims pending as Case No. 21STCV46532 of the Superior Court of California, Los Angeles County. This removal is based on the following grounds:

1

KIDS 2, INC.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA UNDER 28 U.S.C. §§ 1332 AND 1441

## THE REMOVED CASE

1. On December 22, 2021, Plaintiff filed a civil action against Kids 2 in the Superior Court of California, Los Angeles County titled *TIFFANY WHITE, individually in her own right, and as Personal Representative of the Estate of CHRISHELL ROBY, Deceased v. KIDS 2, INC. f/k/a KIDSII, INC.*, Case No. 21STCV46532 (the "State Action").

2. In the State Action, Plaintiff asserted causes of action for: (1) Strict Liability—Negligent Design; (2) Strict Liability—Failure to Warn; (3) Negligence; (4) Breach of Warranty; (5) Gross Negligence; (6) Fraudulent Concealment; (7) Fraud/Intentional Misrepresentation; (8) Negligent Misrepresentation; (9) Violation of the Uniform Commercial Code; (10) Negligent Infliction of Emotional Distress; (11) Wrongful Death; and (12) Survival Action. *See* Declaration of Ian G. Schuler ("Schuler Decl.") at ¶ 2; Ex. A, Complaint. Plaintiff is seeking compensatory damages, including both economic and noneconomic damages, punitive damages, pre- and post-judgment interest, attorneys' fees, and costs of proceedings. *See* Ex. A, at ¶¶ 234-241.

3. On February 7, 2022, Kids 2 timely filed an answer to Plaintiff's complaint in the Superior Court of California, Los Angeles County. *See* Schuler Decl. at ¶ 3, Ex. B, Kids 2's Answer.

## REMOVAL IS TIMELY

4. A defendant generally has thirty (30) days from the date of service of a copy of the complaint to remove a case to federal court. 28 U.S.C. § 1446(b).

5. On January 10, 2022, Plaintiff served a copy of the State Action on Kids 2. *See* Schuler Decl. at ¶ 2.

6. A period of 30 days has not elapsed since January 10, 2022. *See* Fed R. Civ. Pro. 6(a). This Notice of Removal is, therefore, timely. 28 U.S.C. § 1446(b).

/ / /

/ / /

## JURISDICTION AND VENUE ARE PROPER

7. This is a civil action over which this Court has original jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332(a) and is one which may be removed to the Court by Kids 2 under 28 U.S.C. 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as set forth below. *See* 28 U.S.C. §§ 1332, 1441(a), 1446(b).

8. Plaintiff filed the underlying State Court Action in the Los Angeles County Superior Court—Stanley Mosk, which is located in the Central District of California—Western Division. Therefore, venue is proper in this Court under 28 U.S.C. § 84, because this is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of removal is being served upon counsel for Plaintiff, and a copy is being filed with the clerk of the Los Angeles County Superior Court.

## PLEADINGS AND STATE COURT NOTICE

9. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders for the State Action in Kids 2's possession are contained in Exhibits A, B, and C attached to the Declaration of Ian G. Schuler.

10. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Superior Court of California, County of Los Angeles promptly after filing this removal.

## THERE IS COMPLETE DIVERSITY OF CITIZENSHIP

11. This action is one that may be removed to this Court by Defendant Kids 2 pursuant to 28 U.S.C. § 1441(b), as the action is between citizens of different states wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

12. For diversity purposes, a natural person is a "citizen" of the state which he or she is domiciled. (*Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th

Cir. 1983).) A natural person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d. 853, 857 (9th Cir. 2001). A party's residence is prima facie evidence of domicile, and only if that party disputes domicile is the removing party required to provide proof of domiciliary intent. *See, e.g,, State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). "It is assumed … that a person's current residence is also his domicile." 13E Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure §3612 (3d. ed. 2013).

13. The federal diversity jurisdiction statute provides that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend.*, 559 U.S. 77, 80, 130 S. Ct. 1181, (2010). A corporation's principal place of business is the place where a corporation's board and high-level officers direct, control and coordinate its activities, often referred to as the corporate "nerve center." *Hertz*, 559 US at 80-81. The "nerve center" is the corporate headquarters, "provided that the headquarters is the actual center of direction, control, and coordination, … and not simply an office where the corporation holds its board meetings." *Id.* at 91.

14. Plaintiff is, and was at all relevant times, a citizen of the State of California, residing therein at 12354 Del Sur Street, Victorville, CA 92392, which is located in San Bernardino County. *See* Ex. A, Complaint at ¶ 1.

15. Kids 2 is, and was at all relevant times, organized under the laws of the State of Georgia with its principal place of business located at 3333 Piedmont Road, Suite 1800, Atlanta, GA 30305. *See* Schuler Decl., at ¶ 4; *see also* Ex. A, Complaint at ¶ 2.

16. Citizenship of defendants sued under fictitious names shall be disregarded for purposes of removal. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir.

/ / /

1998). Therefore, complete diversity of citizenship exists as between Plaintiff and Defendant.

## THE AMOUNT IN CONTROVERSY IS MET

17. Removal is proper because the amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a).

18. The removing party's initial burden is to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554, (2014)). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a)" which requires only that the grounds for removal be stated in a "short and plain statement." *Dart*, 135 S. Ct. at 553.

19. Where a complaint does not allege a specific amount in damages, the removing defendant bears the burden of proving by a "preponderance of the evidence" facts that support an inference that the amount in controversy exceeds the statutory minimum. *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1996). "The district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Id.* at 377.

20. Generally, a federal district court will first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (internal citation omitted). But a defendant may remove a suit to federal court notwithstanding the failure of the plaintiff to plead the required amount. Absent the facial showing from the complaint, the court may consider facts averred in the removal petition. *Id*. Next, if the defendant's allegation(s) regarding the amount in controversy is challenged, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Ibarra*, 775 F.3d at 1195. At that time, "it may be appropriate to allow discovery relevant to [the]

jurisdictional amount prior to remanding." *Abrego*, 443 F.3d at 691 (internal citation omitted).[1]

21.     Plaintiff's Complaint states causes of action for: (1) Strict Liability—Negligent Design; (2) Strict Liability—Failure to Warn; (3) Negligence; (4) Breach of Warranty; (5) Gross Negligence; (6) Fraudulent Concealment; (7) Fraud/Intentional Misrepresentation; (8) Negligent Misrepresentation; (9) Violation of the Uniform Commercial Code; (10) Negligent Infliction of Emotional Distress; (11) Wrongful Death; and (12) Survival Action.

22.     Plaintiff alleges that her five-month-old infant daughter, decedent Chrishell Roby, died in a recalled defective sleeping product (the Bright Stars Inclined Sleeper) that was designed, manufactured, and distributed by Kids 2. *See* Ex. A, at ¶¶ 4, 96-112. The Complaint alleges that, as designed, the Bright Stars Inclined Sleeper violated certain American Academy of Pediatrics safety guidelines and presented an asphyxiation hazard. *See* Ex. A, at ¶¶ 14-46.

23.     In the Complaint, Plaintiff is seeking compensatory damages, including but not limited to economic and noneconomic damages, including damages for wrongful death, physical and mental pain and suffering, emotional distress, fear of death, inconvenience, loss of enjoyment, and impairment of quality of life. *See* Ex. A, at ¶ 234. Specifically, Plaintiff is seeking economic damages in the form of medical expenses, burial and funeral expenses, out of pocket expenses, and other economic damages to be determined at trial. *See* Ex. A, at ¶ 235. Notably, Plaintiff is also seeking punitive damages "in an amount to punish Defendant and deter future similar conduct." *See* Ex. A, at ¶ 236. And finally, Plaintiff is seeking pre- and post-judgment interest, attorneys' fees, and the costs of proceedings. *See* Ex. A, at ¶¶ 237-241.

---

[1] *See also Gibson v. Chrysler Corp.*, 261 F.3d 927, 948 (9th Cir. 2001) (citing *McCraw v. Lyons*, 863 F.Supp. 430, 435 (W.D.Ky. 1994) ("Interrogatories may be propounded at the same time that the petition for removal is filed. If Plaintiff seeks remand, Defendant may request that the Court delay a decision pending completion of limited discovery.")

24. On or about January 28, 2022, Plaintiffs filed a Statement of Damages in the State Court Action. Schuler Decl., at ¶ 5, Ex. D, Statement of Damages. Therein, Plaintiffs indicate they are seeking general damages totaling $50,000,000.00 ($25 million for pain, suffering, and inconvenience, and another $25 million for emotional distress). Based on the Statement of Damages, which seeks more than $50 million, there is no dispute the amount in controversy is met. If there is any doubt about whether the amount in controversy is met, Kids 2 requests the that the Court delay a decision pending completion of limited discovery strictly on the amount in controversy. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 948 (9th Cir. 2001).

## **CONCLUSION**

25. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Kids 2's right to assert defenses including, without limitation, the defenses of (1) lack of jurisdiction over person, (2) improper venue and/or forum non conveniens, (3) insufficiency of process, (4) insufficiency of service of process, (5) improper joinder of claims and/or parties, (6) failure to state a claim, (7) failure to join indispensable party(ies), (8) violation of the statute of limitations, or (9) any other procedural or substantive defense available under state or federal law.

26. In sum, the State Action may be removed to this Court by Kids 2 in accordance with the provisions of 28 U.S.C. § 1441 because: (1) this action is a civil action pending within the jurisdiction of the United States District Court for the Central District of California, (2) the action is between citizens of different states, and (3) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

Dated: February 8, 2022                    Respectfully submitted,


By:  */s/ Ian G. Schuler*
       Ian G. Schuler

       Attorneys for Defendant
       KIDS 2, INC. F/K/A KIDSII, INC.

**PROOF OF SERVICE**
**(CCP § 1013(a) and 2015.5)**

I, the undersigned, am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; am employed with Nelson Mullins Riley & Scarborough LLP and my business address is 750 B Street, Suite 2200, San Diego, California 92101.

On February 8, 2022 I served the foregoing document entitled ***KIDS 2, INC.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA UNDER 28 U.S.C. §§ 1332 AND 1441*** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☐ *a true copy* thereof as follows:

☐ **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐ **[by FAX]** - I caused the aforementioned document(s) to be telefaxed to the aforementioned facsimile number(s). The machine printed a record of the transmission, and no error was reported by the machine.

☐ **[by FEDERAL EXPRESS]** - I am readily familiar with the firm's practice for collection and processing of correspondence for overnight delivery by Federal Express. Under that practice such correspondence will be deposited at a facility or pick-up box regularly maintained by Federal Express for receipt on the same day in the ordinary course of business with delivery fees paid or provided for in accordance with ordinary business practices.

☒ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐ **[by PERSONAL SERVICE]** - I caused to be delivered by messenger such envelope(s) by hand to the office of the addressee(s). Such messenger is over the age of eighteen years and not a party to the within action and employed with [attorney service].

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed February 8, 2022 at San Diego, California.

Amanda Gutierrez
Print Name

By: */s/ Amanda Gutierrez*
Signature

# SERVICE LIST

**Tiffany White and Chrishell Roby v. Kids 2, Inc. f/k/a Kids II, Inc.**

THE BOOTH FIRM  **ATTORNEYS FOR PLAINTIFFS**
14200 Culver Drive, Suite 240
Irvine, California 92604
Tel: 267/ 231-1195
Fax: 215/ 501-5124
Email: quincy@theboothfirm.com

STAMPONE O'BRIEN DILSHEIMER LAW
500 Cottman Avenue
Cheltenham, PA 19012
Tel: 215/ 663-0400
Fax: 215/ 663-9112
Email: kobrien@stamponelaw.com; pholloway@stamponelaw.com